[Civ. No. 804.   Second Appellate District.—February 14, 1911.]

## INYO DEVELOPMENT COMPANY, a Corporation, Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF INYO, etc., Respondent.

OPENING OF PUBLIC ROAD—JURISDICTION—ORDER OF COURT DISMISSING WRIT OF REVIEW—AFFIRMANCE UPON APPEAL.—Upon appeal from an order of the superior court dismissing a writ of review to annul proceedings for the opening of a public road, where no objection appears to the sufficiency of the petition for the road or of any proceeding leading up to and culminating in the order appointing the viewers, and that, preceding the same, there was ample proof to the board of supervisors that the petitioners were qualified, and that the road accommodated ten or more of them and the public generally, the board had jurisdiction to inquire as to damages, and to make further orders for the opening of the road, and the order dismissing the writ of review must be affirmed.

ID.—ERROR IN EVIDENCE NOT CORRECTIBLE BY WRIT OF REVIEW.—The board having jurisdiction to determine the question of damages, if any error intervened in rulings upon the admissibility of evidence, or the competency of a witness as an expert in values, the same could not be corrected by a writ of review.

Id.—Plaintiff not Precluded by Finding of Court as to Damages. The plaintiff appealing and complaining of expert evidence as to the value of its property is not precluded in its remedy by the finding of the board as to its damages. Under section 2690 of the Political Code, it may, when dissatisfied, refuse to accept the damages, and thereupon the district attorney of the county is required to proceed in condemnation to have the amount ascertained and determined.

APPEAL from a judgment of the Superior Court of Inyo County dismissing a writ of review. F. F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

P. W. Forbes, for Appellant.

Frank C. Scherrer, and Ben H. Yandell, for Respondent.

ALLEN, P. J.—This is an appeal from a judgment and order of the superior court of Inyo county dismissing a writ of review. It appears from the record that on April 6, 1909, more than ten persons representing themselves to be freeholders within the county of Inyo, and representing that more than two of them were at the time residents of the road district wherein the proposed road is situate, and who were taxable therein for road purposes, petitioned the board of supervisors to lay out, open, construct and maintain in the fourth road district a public road whose termini, width and general route were specified in the petition; that said petition was accompanied by a good and sufficient bond in double the amount of the probable cost of viewing and laying out the proposed road, conditioned as provided by statute, which bond was duly approved. Thereafter, on the 8th of April, the board of supervisors met and said petition was by them considered, and evidence was presented upon the part of the petitioners showing the genuineness of the signatures attached to the petition; that at least ten of the petitioners were freeholders who would be accommodated by the proposed road; that more than two of them were residents of the road district wherein the proposed road was situate and who were taxable therein for road purposes. Thereupon, the board, after considering the evidence, appointed three viewers, one

of whom was a surveyor, to view and survey the proposed new road and to submit to the board an estimate of the cost of the opening thereof, including the purchase of the right of way, and their views of the necessity for the road. These viewers gave the requisite notice provided by the statute and made a favorable report upon the petition. Thereafter, at the next meeting of the board, time was fixed for hearing the report, and notice was given, as required by section 2688 of the Political Code, of the hearing of such report. At the time appointed the supervisors took testimony in relation to the public necessity of the road, and by their order declared the amount of damages to the nonconsenting land owner, who was the plaintiff herein and over whose land the road was to be opened, and declared the report approved and the location of the road established in accordance with the report of said viewers; and further found the damages sustained by plaintiff, over whose land said road was ordered to be opened, to be the sum of $25, and said sum was awarded as damages to plaintiff, and which sum was ordered set apart from the treasury of the county out of the road fund of Road District No. 4, to be paid to said nonconsenting land owner. Plaintiff thereupon sought by a writ of review to have the action of said board annulled, claiming that the record disclosed a want of jurisdiction in said board to make its orders opening said road and awarding said damages. Upon the record being certified to the superior court, and upon examination and hearing thereof, it dismissed the writ, from which judgment plaintiff appeals.

There is and can be no contention as to the sufficiency of the petition, or of the bond, or of any proceeding leading up to and culminating in the order appointing the viewers, and that at the time of the appointment of such viewers and preceding the same ample evidence was presented to the board showing that the petitioners possessed the qualifications required by the statute, and that the road not only accommodated ten or more of the signers, but the public generally. These things being determined, jurisdiction attached to the board for the making of subsequent orders in the premises. While the plaintiff contends that the record discloses a want of jurisdiction, it presents in the record nothing to support such contention.

It is further contended that the award of damages to plaintiff as a nonconsenting land owner was based upon incompetent testimony; that is to say, that the evidence upon which the amount was based was given by a witness not shown to be an expert in values. The board having jurisdiction to hear and determine the question of damages, if any error intervened in rulings upon the admissibility of evidence, or the competency of a witness, the same could not be corrected by a writ of review. In addition to this, however, plaintiff is in no wise precluded in its remedy by the finding of the board as to its damages. Section 2690 of the Political Code insures to it the right, when dissatisfied, to refuse to accept the damages, and thereupon the district attorney of the county is required to proceed under proceedings in condemnation to have the amount ascertained and determined.

We see nothing in the record as suggesting error upon the part of the court below in dismissing the writ of review, and such order and judgment are affirmed.

Shaw, J., and James, J., concurred.